# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO LEROY TILFORD,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>J. CHAU, et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 12cv2507-GPC (MDD)<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[ECF No. 22.] |

## INTRODUCTION

On October 15, 2010, Plaintiff Orlando Leroy Tilford ("Plaintiff"), an inmate housed at the Donovan Correctional facility proceeding *pro se* and *in forma pauperis*, filed a Complaint ("Complaint") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff contends that (1) his Eighth Amendment rights were violated when prison officials discontinued his morphine prescription (Id. at 2-3); and (2) his due process rights were violated because he was deprived of a fair hearing. (Id. at 5.) On October 10, 2013, Defendants J. Chau, M.D. and R. Walker, D.O. ("Defendants") filed a Motion for Summary Judgment ("MSJ"). (ECF No.10.) Plaintiff failed to file a Response.

Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Mitchell D. Dembin submitted a Report and Recommendation ("R&R") to this Court on May 13, 2014.

(Dkt. No. 30.) Plaintiff did not file objections to the R&R. This Court **ADOPTS** Judge Dembin's R&R in its entirety and **GRANTS** Defendants's Motion for Summary Judgment.

### BACKGROUND[1]

Defendant J. Chau, M.D., is employed by Donovan Correctional Facility and served as Plaintiff's primary care physician. (ECF No. 22-4; ECF No. 22-5.) On January 10, 2012, Dr. Chau diagnosed Plaintiff with a number of medical conditions, including avascular necrosis in both hips and knees, and chronic pain stemming from the avacular necrosis. (Id. at 103.) Dr. Chau ordered that Plaintiff's current medications including morphine be continued, and informed Plaintiff multiple times the importance of adhering to his medications. (Id.) However, Plaintiff's laboratory report showed that he was negative for hydromorphone. (Id. at 77.) Dr. Chau believed that Plaintiff was diverting his medication, and told Plaintiff that the Pain Management Committee would decide whether Plaintiff would be changed to an alternative medication treatment because of the diversion issue. (Id. at 69.)

On May 11, 2012, the Pain Management Committee, upon evaluating the evidence presented by Dr. Chau, recommended that Plaintiff be tapered off morphine but remain on Ibuprofen. (ECF No. 22-4, Ex. C. at 58-59.) Plaintiff complained of severe pain since being taken off morphine and filed two 602 Administrative Appeals consecutively. (Id.) Dr. Chau interviewed with Plaintiff for each of his appeals, increased his Ibuprofen, but denied his request of reinstating morphine. (Id. at 47, Ex. D.) Dr. Walker reviewed Dr. Chau's opinion and concurred with Dr. Chau. (ECF No. 22-3, Ex. B; ECF No. 22-4, Ex. E.) Dr. Walker also concluded that Plaintiff no longer needed morphine treatment and his pain could be managed with other medications. (ECF No. 22-3, Ex. B.)

On January 4, 2013, Dr. Chau recommended that Plaintiff receive Neurontin,

---

[1] Plaintiff did not object to the underlying facts set forth in the R&R, and therefore this Court adopts the facts *in toto* while providing only a brief background here.

which was denied by Dr. Seeley, Chief Medical Executive, on the ground that formulatory medications would have to be tried before Neurontin. (ECF No. 22-4 at 17-18.) Upon Plaintiff's appeal regarding the denail of Neurontin, Dr. Chau recommended Plaintiff instead take Amitriptyline to help his sleep difficulty. (Id. 15-16.) On February 20, 2013, a multi-disciplinary meeting was held to discuss Plaintiff's conditions. (Id. at 14.) The medical professionals at the meeting agreed that Plaintiff should remain on Ibuprofen and Amitriptyline for treatment of pain since he did not exhibit difficulty with daily activities. (Id.)

## STANDARD OF REVIEW

The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. When no objections are filed, a district court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. Campbell v. U.S. Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974); Johnson v. Nelson, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001).

## DISCUSSION

The legal standard governing a motion for summary judgment is correctly recited in the R&R and incorporated in this Order. (Dkt. No. 30.) Summary Judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court holds the *pro se* Complaint to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 104 (1976).

"Section 1983 imposes two essential proof requirements upon a claimant: (1)

that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by Constitution or laws of the United States." Leer v. Murphy, 844 F.2d 528, 632-33 (9th Cir. 1988); see also 42 U.S.C. § 1983. Plaintiff must be able to prove a violation of rights, which would give rise to a cause of action under 42 U.S.C. § 1983. Plaintiff presents three counts in the Complaint. (ECF No. 1.) Counts One and Two are Eighth Amendment claims, and Count Three is a Due Process claim. (Id.)

**I.     Eighth Amendment Claim**

To prove an actionable Eighth Amendment violation, Plaintiff must demonstrate both an objective and a subjective element. Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995). He must show that (1) he suffered from an objectively, sufficiently serious harm; and (2) the prison officials showed deliberate indifference to his health and safety in allowing the harm to take place. Id; see also Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). Examples of serious medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment. . . or the existence of chronic and substantial pain." Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 1997). The Magistrate Judge correctly found that Plaintiff's avacular necrosis and pain are serious medical needs and satisfy the objective element.

The remaining question is whether Defendants were deliberately indifferent to Plaintiff's condition. Deliberate indifference is evidenced only when the chosen treatment was "medically unacceptable" and was chosen "in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). As a matter of law, "a difference of medical opinion" as to the need to pursue one course of treatment over another is insufficient ground to establish deliberate indifference. Id. Instead, the official's conduct must have been wanton, which turns not upon the effects on the inmate but the culpable mind of the officials. Clement, 298 F.3d

1  at 904.

2      The decision to remove Plaintiff from the morphine medication is based on
3  objective laboratory reports and the collective professional judgment of the Pain
4  Management Committee. The involved medical professionals agreed on multiple
5  occasions that Plaintiff's condition did not warrant the reinstatement of morphine and
6  could be managed with other medication. Plaintiff introduced no evidence that the
7  chosen treatment was in any way "medically unacceptable."

8      Defendants conducted multiple consultations with Plaintiff, offered him medical
9  advice, approved his appropriate medical requests and took additional steps to alleviate
10 his reported pain. In denying him continued morphine treatment, Defendants
11 reasonably believed that Plaintiff was continuously diverting his medications and posed
12 a security risk for the prison. Plaintiff introduced no evidence that the medical decision
13 was "a wanton infliction of unnecessary pain." Estelle v. Gamble, 429 U.S. 97, 105
14 (1976).

15     Plaintiff cannot establish the element of "deliberate indifference," and therefore
16 fails to prove his Eighth Amendment claims. The Court adopts the R&R and enters
17 summary judgment for Defendants as to Counts One and Two in the Complaint.

18 **II.  Due Process Claim**

19     "The Fourteenth Amendment prohibits prison officials from treating prisoners
20 in a fashion so brutal and offensive to human dignity as to shock the conscience. "
21 Thompson v. Souza, 111 F.3d 694, 701 (9th Cir. 1997). To prove an Due Process
22 claim, Plaintiff must show that he was deprived of liberty interests without due process
23 of law. Id. Plaintiff failed to show such deprivation.

24     Plaintiff had a right to medication under the Eighth Amendment. He did not,
25 however, have a right to supplementary medications or medications of his choice,
26 unless the State created such an interest. See Roberts v. Spalding, 783 F.2d 867, 870
27 (9th Cir. 1986); Baumann v. Arizona Dept. Of Corrections, 754 F.2d 841, 844 (9th Cir.
28 1985). A state creates a protected liberty interest when its regulatory measures impose

1  "substantive limitation" on state officials's discretions. Id. Namely, the State must
2  establish "particularized standards or criteria" to guide the officials. Id. (quoting Olim
3  v. Wakinekona, 461 U.S. 238, 249 (1983)). Any implication of a state-created liberty
4  interest would be precluded if the officials retain broad discretion on the matter.
5  Anthony v. Wilkinson, 637 F.2d 1130, 1141 (7th Cir. 1980). The Magistrate Judge
6  correctly decided that the Narcotic Pain Management Contract did not guarantee
7  Plaintiff a right to narcotic medications because it did not substantively limit the prison
8  officials's discretion to prescribe or withhold the medications. (ECF No. 1, Ex. G.)

9  It follows that Plaintiff was not entitled to a hearing when he had no liberty
10 interest to the medications in the first place. See Mann v. Adams, 855 F.2d 639, 640
11 (9th Cir. 1988). Defendants did not abuse their discretion in any manner that would
12 "shock the conscious." Thompson, 111 F.3d at 701. Plaintiff cannot prove the alleged
13 due process violation. Accordingly, the Court adopts the R&R and enters summary
14 judgment for Defendants as to Count Three in the Complaint.

15 **III.  Qualified Immunity**

16 Defendants also assert the affirmative defense of qualified immunity.
17 Qualified immunity protects "government officials. . . from liability for civil
18 damages insofar as their conduct does not violate clearly established statutory or
19 constitutional rights. . . ." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The
20 Court agrees with Judge Dembin's analysis in the R&R. The Court concludes that
21 Defendants are entitled to qualified immunity because they did not violate
22 Plaintiff's protected rights.
23 / / / /
24 / / / /
25 / / / /
26 / / / /
27 / / / /
28 / / / /

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Judge Dembin's Report and Recommendation as to Defendants' Motion for Summary Judgment is **ADOPTED** in its entirety, and Defendants' Motion for Summary Judgment is **GRANTED**. The Clerk of Court shall close the case.

DATED: June 30, 2014

HON. GONZALO P. CURIEL
United States District Judge